## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

———————————————————— x
: **Civil Action No.:**
:
HOWARD NEWMAN, on behalf of himself :
and others similarly situated,        : **COMPLAINT - - CLASS ACTION**
:
                   Plaintiff,          :
                                       : **JURY TRIAL DEMANDED**
          v.                           :
                                       :
EDOARDO MELONI, P.A. d/b/a THE         :
MELONI LAW FIRM,                       :
                                       :
                   Defendant.          :
———————————————————— x

### NATURE OF ACTION

1.      This class action is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Florida consumers who have been the subject of debt collection efforts by Edoardo Meloni, P.A. d/b/a The Meloni Law Firm ("Defendant").

### PARTIES

2.      Dr. Howard Newman ("Plaintiff") is a natural person who at all relevant times resided in Broward County, Florida.

3.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

4.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—

1

namely, assessments and other charges due to The Meridian Condominium Association, Inc. ("Meridian") for a property that he owns (the "Debt").

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a law firm with its principal place of business located in Miami-Dade County, Florida.

7.      Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8.      At the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

9.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10.     Defendant is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

### JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant has its principal place of business in this district.

**FACTUAL ALLEGATIONS**

13.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*., § 1692(a).

14.     The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained: "Harmful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

15.     And approximately 45% of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

16.     On or about December 3, 2019, Defendant, on behalf of Meridian, filed a Complaint for Foreclosure against Plaintiff to foreclose a lien on his property regarding the Debt.

17.     The Complaint for Foreclosure remains pending.

18.     Prior to filing the Complaint for Foreclosure, Defendant filed a Claim of Lien on Plaintiff's property regarding the Debt, and that claim of lien remains pending.

---

[1]     *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed April 26, 2021).

[2]     *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2020* at 14 (2020), https://files.consumerfinance.gov/f/documents/cfpb_fdcpa_annual-report-congress_03-2020.pdf (last accessed April 26, 2021).

19.     On or about November 17, 2020, in response to a request for a payoff pursuant to Fla. Stat. § 718.116(8) for the assessments and monies owed on the property, Defendant sent a written communication to counsel for Plaintiff in connection with the collection of the Debt.

20.     A true and correct copy of the November 17, 2020 communication to Plaintiff is attached as Exhibit A.

21.     The November 17, 2020 written communication begins by noting: "This office represents the interests of The Meridian Condominium Association, Inc., and as such is replying to your request for estoppel information with reference to the unit above." Ex. A.

22.     The November 17, 2020 written communication continued by advising that Plaintiff owed $25,663.97 for maintenance assessments, late fees, interest and other charges through December 31, 2020, and an additional $2,966.40 in attorneys' fees. *Id*.

23.     Thus, according to Defendant, the total due and owing by December 31, 2020 was $28,630.37. *Id*.

24.     Included in the $28,630.37 allegedly due was the December 2020 assessment in the amount of $856.27, a late fee for the December 2020 assessment in the amount of $25.00, and interest for the month of December 2020 in the amount of $275.36. *Id*.

25.     Also included in the $28,630.37 allegedly due was $200 for the preparation of the dismissal and releases and $25.00 for recording fees. *Id*.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address (b) to whom Edoardo Meloni, P.A. d/b/a The Meloni Law Firm mailed a debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which demanded fees,

assessments or interest not yet incurred (f) as part of the amount due to obtain a release of lien or dismissal of a foreclosure action.

27.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

28.    The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

29.    The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

30.    The proposed class is ascertainable because it is defined by reference to objective criteria.

31.    In addition, upon information and belief, the names and addresses of all class members can be identified in business records maintained by Defendant.

32.    The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

33.    To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized debt collection conduct utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

34.    Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class, and he has retained counsel experienced and competent in class action litigation.

35.    Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

36.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

37.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

38.     There will be no difficulty in the management of this action as a class action.

39.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

40.     Among the issues of law and fact common to the class:

a)  Defendant's violations of the FDCPA as alleged herein;

b)  whether Defendant is a debt collector as defined by the FDCPA;

c)  the availability of statutory penalties; and

d)  the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

41.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 40.

42.     Section 1692e of the FDCPA provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43.     Defendant's demand for the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, and interest for the month of December in the amount of $275.36—amounts which were not even due as of Defendant's

6

November 17, 2020 collection letter—as part of the $28,630.37 payoff necessary to obtain a release of lien and dismissal of the foreclosure action pending against Plaintiff, constitutes the use of a false, deceptive, and misleading representation in connection with the collection of the Debt.

44.     As did Defendant's demand for $200.00 for the preparation of the dismissal and releases and $25.00 for recording fees, as part of the $28,630.37 payoff necessary to obtain a release of lien.

45.     As a result, Defendant violated 15 U.S.C. § 1692e.

46.     The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him and regarded his personal alleged debt.

47.     And the content of Defendant's November 17, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

48.     Specifically, Defendant—on behalf of Meridian—is maintaining a lien on Plaintiff's property and a foreclosure action against him.

49.     Per the November 17, 2020 written communication, Defendant would only remove the lien and dismiss the foreclosure action after Plaintiff paid the $28,630.37 payoff amount.

50.     Yet that amount included the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, interest for the month of December in the amount of $275.36, and an additional $200.00 for the preparation of the dismissal and releases and $25.00 for recording fees—all charges which were not properly assessed to Plaintiff as a condition to having the lien removed from his property.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A)

51.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 40.

52.     Section 1692e(2)(A) of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

53.     Defendant's demand for $28,630.37 as the payoff necessary to obtain a release of lien and dismissal of the foreclosure complaint, constitutes the false representation of the amount of the Debt because it included the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, interest for the month of December in the amount of $275.36, $200.00 for the preparation of the dismissal and releases, and $25.00 for recording fees—amounts which were not even due as of Defendant's November 17, 2020 collection letter.

54.     As a result, Defendant violated 15 U.S.C. § 1692e(2)(A).

55.     The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him and regarded his personal alleged debt.

56.     And the content of Defendant's November 17, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

57.     Specifically, Defendant—on behalf of Meridian—is maintaining a lien on Plaintiff's property and a foreclosure action against him.

58.     Per the November 17, 2020 written communication, Defendant would only remove the lien and dismiss the foreclosure action after Plaintiff paid the $28,630.37 payoff amount.

59.     Yet that amount included the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, interest for the month of December in the amount of $275.36, and an additional $200.00 for the preparation of the dismissal and releases and $25.00 for recording fees—all charges which were not properly assessed to Plaintiff as a condition to having the lien removed from his property.

## COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f

60.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 40.

61.     Section 1692f of the FDCPA provides, in pertinent part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

62.     Defendant's demand for the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, and interest for the month of December in the amount of $275.36—amounts which were not even due as of Defendant's November 17, 2020 collection letter—as part of the $28,630.37 payoff necessary to obtain a release of lien and dismissal of the foreclosure action, constitutes the collection of amounts that were not expressly authorized by an agreement creating the Debt or permitted by law.

63.     As well, Defendant's demand for $200.00 for the preparation of the dismissal and releases and $25.00 for recording fees, as part of the $28,630.37 payoff necessary to obtain a release of lien and dismissal of the foreclosure action, constitutes the collection of an amount that was not expressly authorized by an agreement creating the Debt or permitted by law.

9

64.    The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him and regarded his personal alleged debt.

65.    And the content of Defendant's November 17, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

66.    Specifically, Defendant—on behalf of Meridian—is maintaining a lien on Plaintiff's property and a foreclosure action against him.

67.    Per the November 17, 2020 written communication, Defendant would only remove the lien and dismiss the foreclosure action after Plaintiff paid the $28,630.37 payoff amount.

68.    Yet that amount included the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, interest for the month of December in the amount of $275.36, and an additional $200.00 for the preparation of the dismissal and releases and $25.00 for recording fees—all charges which were not properly assessed to Plaintiff as a condition to having the lien removed from his property.

## COUNT IV: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f(1)

69.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 40.

70.    Section 1692f(1) of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

71.     Defendant's demand for the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, and interest for the month of December in the amount of $275.36—amounts which were not even due as of Defendant's November 17, 2020 collection letter—as part of the $28,630.37 payoff necessary to obtain a release of lien and dismissal of the foreclosure complaint, constitutes the collection of amounts that were not expressly authorized by an agreement creating the Debt or permitted by law.

72.     As well, Defendant's demand for $200.00 for the preparation of the dismissal and releases and $25.00 for recording fees, as part of the $28,630.37 payoff necessary to obtain a release of lien, constitutes the collection of an amount that was not expressly authorized by an agreement creating the Debt or permitted by law.

73.     The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him and regarded his personal alleged debt.

74.     And the content of Defendant's November 17, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

75.     Specifically, Defendant—on behalf of Meridian—is maintaining a lien on Plaintiff's property and a foreclosure action against him.

76.     Per the November 17, 2020 written communication, Defendant would only remove the lien and dismiss the foreclosure action after Plaintiff paid the $28,630.37 payoff amount.

77.     Yet that amount included the December assessment in the amount of $856.27, a late fee for the December assessment in the amount of $25.00, interest for the month of December in the amount of $275.36, and an additional $200.00 for the preparation of the

11

dismissal and releases and $25.00 for recording fees—all charges which were not properly assessed to Plaintiff as a condition to having the lien removed from his property.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Certifying Plaintiff as the class representative;

C. Appointing Plaintiff's counsel as class counsel;

D. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f, and 1692f(1);

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f, and 1692f(1) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

G. Awarding members of the proposed class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

H. Awarding Plaintiff and members of the class their reasonable attorneys' fees, costs, and expenses incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

I. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

J. Awarding other and further relief as this Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  April 27, 2021            Respectfully submitted,


*/s/ Jesse S. Johnson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*